IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN TODD WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-cv-901-TFM |
| | ) | [wo] |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.*, Stephen Todd Wood ("Wood" or "Plaintiff") received a r hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court **AFFIRMS** the Commissioner's decision denying disability insurance benefits.

### **I. NATURE OF THE CASE**

Wood seeks judicial review of the Commissioner of Social Security Administration's decision denying his application for disability insurance benefits and supplemental security income benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence.

---

[1]    Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 Fed. Appx. 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the

Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[2] *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.[3] However, despite the fact they are

---

[2] DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[3] SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues. *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986). Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled.[4] 20 C.F.R. §§ 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 Fed. Appx. 456, 2015 U.S. App. LEXIS 9640, 2015 WL 3605682 (11th Cir. June 10, 2015). The ALJ determines:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) Whether the claimant has a severe impairment or combination of impairments;

(3) Whether the impairment meets or exceeds one of the impairments in the listings;

(4) Whether the claimant can perform past relevant work; and

(5) Whether the claimant can perform other work in the national economy.

---

[4] To adjudicate this appeal, the Court applied the version of the regulations effective up to March 27, 2017. Woods filed his claim on April 23, 2013.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). When a claimant is found disabled – or not – at an early step, the remaining steps are not considered. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Ostborg v. Comm'r of Soc. Sec.*, 610 Fed. Appx. 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39. A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations. *Phillips*, 357 F.3d at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[5] ("grids") or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of

---

[5] *See* 20 C.F.R. pt. 404 subpt. P, app. 2

these factors can independently limit the number of jobs realistically available to an individual. *Id*. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id.* A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

### IV. BACKGROUND AND PROCEEDINGS

Wood brought a disability claim because of degenerative disc disease, hearing loss, arthritis, Duane Syndrome, tendinitis, attention deficit disorder, lower back pain and depression. (R. 173). Following initial administrative denial of his claim, Wood petitioned for a hearing before an administrative law judge ("ALJ"). (R. 19-22). Wood and his attorney came before ALJ Renita Barnett-Jefferson, for an evidentiary hearing on July 16, 2014. (R. 44-72). The ALJ received direct testimony from Wood and Michael C. McClennahan, a Vocational Expert ("VE"). The remaining evidentiary record consisted of medical reports from treating sources and residual functional capacity assessments completed by medical consultants who examined Wood and reviewed medical records upon request of Alabama Disability Determination Services.[6] The ALJ rendered an unfavorable verdict on April 21, 2015. (R. 23-43). On October 27, 2016, the Appeals Council denied Woods' request for review. (R. 1-7). This Social Security Appeal was filed on July 13, 2017. *See* Doc. 1, Complaint.

---

[6] Robert Estock, (R. 80). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a).

## V. ADMINISTRATIVE DECISION

Employing the five step process, the ALJ found that Wood has not engaged in substantial gainful activity since the alleged onset date (Step 1);[7] has severe impairments (Step 2); the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); Wood has past relevant work as a tire builder, automobile, which he can no longer perform (Step 4); and a significant number of jobs are available in the national economy which Wood could perform with his residual functional capacity (Step 5). (R. 25-37).

The ALJ utilized Vocational Expert (VE) testimony which indicates Wood can perform work available in the national economy. (R. 64-72).

## VI. ISSUES

Wood raises two issues on appeal:

(1) The Commissioner erred in failing to provide an explanation for the weight given to treating physicians.
(2) The Commissioner erred in failing to consider the rehabilitation evaluation conducted prior to the decision. Plaintiff's brief at 3 (Doc. 22).

## VII. DISCUSSION AND ANALYSIS

**A.    The ALJ properly considered the opinions of the treating physician.**

In a nutshell, Wood claims the ALJ improperly discounted the opinion of treating physicians, Dr. James Adams and Dr. David Whatley. The ALJ gave some, but not great weight to the opinions of Drs. Adams and Whatley. (R. 34, 784-810, 813-817). Dr. Whatley opines that Wood cannot continue in his past relevant work as an automotive tire builder. Dr. Whatley offered no opinion as to whether Wood could perform other work available in the national

---

[7] The ALJ found the following "severe" impairments: cervical disc disease, right shoulder labral tear, status post subacromial decompression, carpal tunnel syndrome, obesity, lumbago, cervicalgia, venous insufficiency, and decreased hearing. (R. 28).

economy. The ALJ found that Wood cannot perform his past relevant work as an automotive tire builder which is consistent with the position of Wood, and the opinion of Dr. Adams and Dr. Whatley. Nonetheless, the Court agrees with the Commissioner that there was nothing before the ALJ from treatment notes made by Dr. Adams or Dr. Whatley which indicates the Residual Functional Capacity (RFC) assessment is incorrect. Woods relies upon MRI evidence from June 2002 and April 2013 which show abnormalities in Wood's cervical spine. In other words, Woods argues the two MRI's are consistent with his argument that he is disabled.

An ALJ may properly reject a medical opinion from treating or examining physicians under much the same circumstances. The regulations give preference to the opinion of the treating physicians. 20 C.F.R. § 404.1527(d)(1)-(2); *Winschel*, 631 F.3d at 1179 ("Absent good cause, an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight.") (internal citations and quotations omitted). However, "the ALJ has the discretion to weigh objective medical evidence and may choose to reject the opinion of a treating physician while accepting the opinion of a consulting physician…[but] if he follows that course of action, he must show 'good cause' for his decision." *Gholston v. Barnhart*, 347 F.Supp.2d 1108, 1114 (M.D. Ala. 2003); *see also Phillips*, 357 F.3d at 1240 (quoting *Lewis,* 125 F.3d at 1440) (The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241). In other words, the Eleventh Circuit has found good cause for discounting a treating physician's report when the report "is not accompanied by objective medical evidence or is wholly conclusory." *Crawford v.*

*Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir.1991)).  Additionally, there is good cause where the treating physicians' opinions are "inconsistent with their own medical records[.]" *Roth v. Astrue*, 249 Fed. Appx. 167, 168 (11th Cir. 2007) (citing *Lewis*, 125 F.3d at 1440).

The medical record and evidence before the ALJ was ample for the ALJ to grant some but not controlling weight to the opinion of the treating physicians.  Among other things, the ALJ had before her MRI's later than the ones cited by Woods which show essentially normal findings.  (R.813-815, 831).  In fact, MRI results from July, 2014 indicate "minimal degenerative changes worst at C5-6 and an essentially normal lumbar MRI.  He has no significant neurocompressive pathology at any level."  (R. 831).  The treatment Woods received related to his cervical spine was quite conservative and not consistent with debilitation under the Act. The mere presence of a condition is not sufficient alone to establish disability.  *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005).  The conservative nature of medical treatment is a legitimate basis to discount a disability claim.  *Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008).  The court agrees with the ALJ in this regard with respect to Woods.

Next, the treatment notes are inconsistent with disability.  Medical records reveal that Woods said he was doing much better and he had good motion and strength. (R. 34, 753-756). Woods never underwent hospitalization for back pain.  Perhaps a most telling piece of evidence subsequent to the MRI's Woods relies upon is the examination note which indicates Woods had normal gait, normal cervical range of motion, Woods denied chronic back or joint pain, and he was able to participate in exercise programs. (R. 34, 813-815).

**B. The Commissioner did consider the new evidence submitted by Woods**.

Woods submitted additional evidence to the Appeals Council after the ALJ found Woods not disabled under the Act. (R. 4, 833-988). The Appeals Council denied Woods request after reviewing the evidence. (R1-2). The evidence submitted by Woods consisted of records from Wright Rehabilitation Services. In a nutshell, the letter from a licensed professional counselor indicates the counselor reviewed all the pertinent medical records and conducted a vocation evaluation of Plaintiff on March 26, 2015. (Tr. 860-862). The counselor concludes that Woods cannot return to any of his previous work and has no transferrable skills to lighter work (R. 862).

At the outset, Woods is factually wrong in his assertion that the Commissioner did not consider the evidence from Wright Rehabilitation Services. (R.5, 859-863). Further, the court agrees with the Commissioner that the evidence does not change the result. Whether a claimant is disabled or not is a decision reserved exclusively to the Commissioner and the opinion of others is not entitled to deference. SSR 96-5p. To the extent the opinion merits consideration, the entire medical record before the ALJ was sufficient to support the conclusion Wallace is not disabled under the Act.

## VIII. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed. It is, therefore, ORDERED that the decision of the Commissioner is AFFIRMED. A separate judgment is entered herewith.

DONE this 27th day of February, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE